UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

**JAMES CRAWFORD**,

                Plaintiff,

        - v. -

**THE CITY OF NEW YORK**,
**POLICE OFFICER MICHAEL COLLARINI** and
**POLICE OFFICER ROBERT EYSEL,**


                Defendants.

----------------------------------------------------------------X

**Case No.** 19-cv-4348

**COMPLAINT**


**JURY TRIAL
DEMANDED**

     Plaintiff **JAMES CRAWFORD**, by and through his attorneys, the Law Offices of Daniel A. McGuinness P.C., alleges as follows:

<u>PRELIMINARY STATEMENT</u>

    1.    This is an action to recover monetary damages arising out of Defendants' violations of Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the Fourth, And Fourteenth Amendments to the United States Constitution, the New York State Constitution and the laws of the State of New York.  Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully arrested, assaulted, battered, and caused the prosecution of Plaintiff.

2.     This action arises out of conduct by the Defendants, which led to the unlawful arrest of Plaintiff and the prosecution of Plaintiff by representatives of the New York County District Attorney's Office, who are not parties to this action.

3.     Defendants, acting under the color of state law, have intentionally and willfully subjected Plaintiff to, *inter alia*, false arrest, assault, battery, and malicious prosecution.

4.     Defendants unlawfully arrested and detained Plaintiff in violation of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution, and in violation of 42 U.S.C. § 1983 and Article 1 § 12 of the New York State Constitution.

## JURISDICTION

5.     This is a civil action authorized by 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

6.     Plaintiff further invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over any and all State law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federal claims and causes of action.

<u>VENUE</u>

7.     The Southern District of New York is an appropriate venue under 28 U.S.C. §§ 1391(a), (b) and (c), and 1402(b) because the events giving rise to this claim occurred in New York County.  In addition, Defendants conduct business and maintain their principal places of business in New York County.

<u>JURY DEMAND</u>

8.     Plaintiff demands a trial by jury on each of his claims that can be tried to a jury.

<u>THE PARTIES</u>

9.     Plaintiff **JAMES CRAWFORD**, is a 50-year-old resident of Queens, New York. Plaintiff is a citizen of the United States and is and was at all times relevant herein a resident of the City and State of New York.

10.     Defendant **POLICE OFFICER MICHAEL COLLARINI** (hereafter "**OFFICER COLLARINI**") and Defendant **POLICE OFFICER ROBERT EYSEL** (hereafter "**OFFICER EYSEL**"), are and were at all times relevant herein officers, employees, and agents of the New York City Police Department (hereafter "NYPD"). **OFFICER COLLARINI** and **OFFICER EYSEL** (collectively, "**THE OFFICERS**"), are being sued herein individually and in their official capacity.

11.     Defendant **CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York. The NYPD acts as an agent of the **CITY OF NEW YORK**. Pursuant to N.Y.C. Charter § 396, the **CITY OF NEW**

-3-

**YORK** is the party to be named in an action for the recovery of penalties for the violations stated herein.

12.     At all times relevant herein, **THE OFFICERS** were acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the **CITY OF NEW YORK**, in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They acted for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as an officers, employees, and agents of the NYPD. At all times relevant herein, the NYPD hired, employed, supervised and controlled **THE OFFICERS**.

13.     Defendant **CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant **CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## FACTS

14.     On February 12, 2018, at approximately 7:00pm, Plaintiff was working as a roadside assistant for Allstate. He responded to a motorist's request for assistance on Bleeker Street and LaGuardia Place in New York County.

15.     Plaintiff parked his car on Bleeker Street across from the motor's vehicle.

16.     When the motorist arrived, Plaintiff retrieved his jump starter box from the trunk of Plaintiff's vehicle in order to assist the motorist, whose car battery had died.

17.     As Plaintiff walked back across Bleeker Street to assist the motorist, **THE OFFICERS** jumped out of their unmarked vehicle headed east on Bleeker Street and began yelling at Plaintiff.

18.     **THE OFFICERS** repeatedly yelled "Drop it!" as they approached Plaintiff.

19.     **THE OFFICERS** were not in uniform and were not displaying badges. Plaintiff was confused and did not know what was happening. Plaintiff asked who they were but **THE OFFICERS** did not respond.

20.     When **THE OFFICERS** reached Plaintiff, they grabbed his arms and began kicking at his legs.

21.     **THE OFFICERS** handcuffed Plaintiff and pushed Plaintiff back against his car, continuing to kick at his legs.

-5-

22.     **THE OFFICERS** demanded that Plaintiff sit on the curb.

23.     Plaintiff could not sit on the curb because of previous knee surgeries.

24.     Plaintiff demanded to be released. This angered **THE OFFICERS** who became more aggressive.

25.     Eventually, **THE OFFICERS** told Plaintiff that he was being arrested because his car was stolen. Plaintiff explained that they were mistaken, and that he had owned his car for approximately three years.

26.     **THE OFFICERS** conducted a search of Plaintiff and his vehicle without his consent.

27.     **THE OFFICERS** placed Plaintiff in the back of a police car and drove him to the 6th Precinct.

28.     At the precinct, **THE OFFICERS** took Plaintiff's fingerprints and photograph.

29.     At some point while Plaintiff was at the 6th Precinct. **OFFICER COLLARINI** told Plaintiff that his car had been verified as not stolen, but since Plaintiff had given them a difficult time, they were going to hold Plaintiff and charge him anyway.

30.     Plaintiff questioned if he would really have to remain in central booking all weekend when the officer admitted that his car was not stolen.

31.     **OFFICER COLLARINI** responded, "Yes, you're an asshole, you're going to sit in here for the weekend."

32.     Unwilling to be unlawfully detained, Plaintiff began to rise from the bench he was sitting on to leave the precinct. Approximately four officers, including **OFFICER EYSEL**, charged at Plaintiff to restrain him and handcuff him to the bench.

33.     Plaintiff commented during the struggle that they were on camera, referring to the cameras in the precinct.

34.     **OFFICER EYSEL** responded that he did not care.

35.     **OFFICER EYSEL** pushed his elbow into Plaintiff's neck to choke Plaintiff.

36.     Once Plaintiff was restrained and handcuffed to a rail next to the bench, **OFFICER EYSEL** tightened the handcuffs as tight as possible to harm Plaintiff. Plaintiff complained of the pain and his hand began to get numb.

37.     **OFFICER EYSEL** yelled threatening statements at Plaintiff, including, "You are a fucking asshole. I'll have you on the news tonight."

38.     Plaintiff was eventually transported to central booking at 100 Centre Street.

39.     Plaintiff was arraigned on February 13, 2018 and charged with Obstructing Governmental Administration in the Second Degree, in violation of PL 195.05, and Disorderly Conduct, in violation of PL 240.20(7).

40.     **OFFICER COLLARINI** swore to the criminal complaint filed against Plaintiff. In the complaint, **OFFICER COLLARINI** stated that he had initially

-7-

attempted to arrest Plaintiff because he observed Plaintiff operating an unregistered vehicle.

41.     In truth and fact, Plaintiff had parked his car and removed his keys from the ignition several minutes before **OFFICER COLLARINI** arrived, and **OFFICER COLLARINI** never saw Plaintiff operate the vehicle and did not know the registration was suspended until several hours after the unlawful arrest.

42.     Plaintiff was released on his own recognizance.

43.     Plaintiff made several appearances in New York City Criminal Court before finally going to trial on January 14, 2019.

44.     At trial, **OFFICER COLLARINI** falsely testified that he observed Plaintiff operating his vehicle and that Plaintiff's vehicle was double parked. Plaintiff introduced as evidence a photo showing the that Plaintiff's car was not doubled-parked, and was parked legally.

45.     On January 17, 2019, Plaintiff was found not guilty of all charges.

46.     On the occasion enumerated herein, Defendants, acting through **THE OFFICERS**, violated Plaintiff's Fourth Amendment right against illegal search and seizure when Plaintiff was pulled over while driving without probable cause or reasonable suspicion to justify that stop.

47.     The Defendants, acting through **THE OFFICERS**, also harassed, assaulted, and battered Plaintiff and violated his Fourth Amendment right against

illegal search and seizure when Plaintiff was arrested without probable cause or a warrant.

48.     **THE OFFICERS** acted intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of their acts.  As a direct and proximate result of the acts of defendants, Plaintiff experienced mental suffering, anguish, psychological and emotional distress, humiliation, loss of earnings, embarrassment and deprivation of physical liberty.

49.     **THE OFFICERS** were acting in concert and under color of law.

50.     A notice of claim was served on the Comptroller of the **CITY OF NEW YORK**, and Plaintiff sat of a 50-H hearing.  At least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

<u>FIRST CAUSE OF ACTION</u>
(Freedom of Speech and
Assembly Violation – Federal Claim)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if more fully set forth at length herein.

52.     **THE OFFICERS** assaulted, battered and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his First Amendment protected

speech and assembly in violation of Plaintiff's rights under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

53.     Plaintiff suffered the physical, mental, emotional, and financial injuries, as a result of **THE OFFICERS**' violation of Plaintiffs rights. **THE OFFICERS** are liable to Plaintiff under 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (Freedom of Speech and Assembly Violations – State Claim)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 53 with the same force and effect as if more fully set forth at length herein.

55.     **THE OFFICERS** assaulted and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his right to free speech under the New York Constitution Article I, §§ 1, 8.

56.     Plaintiff suffered physical, mental, emotional, and financial injuries as a result of **THE OFFICERS**' violation of Plaintiff's rights, and, as such, is liable to Plaintiff

## THIRD CAUSE OF ACTION
### (Unlawful Seizure – Federal Claim)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 56 with the same force and effect as if more fully set forth at length herein.

58.     **THE OFFICERS** arrested Plaintiff without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure and the Fourteenth Amendment right to Due Process.

59.     Plaintiff suffered the physical, mental, emotional and financial injuries as a result of **THE OFFICERS**' deprivation of Plaintiff's civil, constitutional and statutory rights, and are liable under 42 U.S.C. §§ 1983 and 1985.

<u>FOURTH CAUSE OF ACTION</u>
(Unlawful Seizure/False Arrest – State Claim)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 59 with the same force and effect as if more fully set forth at length herein.

61.     **THE OFFICERS** arrested Plaintiff without probable cause in violation of the New York State Constitution Article 1, § 12, guaranteeing the Plaintiff's right to be free from unreasonable seizures, and New York common law.

62.     Plaintiff suffered physical, mental, emotional and financial injuries as a result of **THE OFFICERS**' deprivation of Plaintiff's rights under the New York State Constitution and common law, and, as such Defendant is liable to Plaintiff.

<u>FIFTH CAUSE OF ACTION</u>
(Malicious Prosecution — Federal Claim)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 62 with the same force and effect as if more fully set forth at length herein.

64.     Following Plaintiff's arrest, **OFFICER COLLARINI** did not make a truthful and complete statement of the facts to the District Attorney.

65.     **OFFICER COLLARINI** swore to a criminal complaint against Plaintiff that contained knowingly false statements.  Specifically, **OFFICER COLLARINI** stated that he attempted to arrest Plaintiff after observing Plaintiff operate a motor vehicle with a suspended registration. In truth and fact, **OFFICER COLLARINI** knew that he unlawfully arrested Plaintiff. **OFFICER COLLARINI** had not seen Plaintiff operate the vehicle and did not know that the registration was suspended.

66.     **OFFICER COLLARINI** was directly and actively involved in the initiation of criminal proceedings against Plaintiff, in that he knew the criminal complaint that he swore to would be filed against Plaintiff in a criminal action. **OFFICER COLLARINI** acted with malice initiating and continuing the criminal proceedings against Plaintiff.

67.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated, and subjected to handcuffing and other physical restraints without probable cause.

68.     Plaintiff suffered physical injury, extreme mental and emotional anguish as a result of **OFFICER COLLARINI**'s wrongful actions.  Plaintiff's reputation was damaged, and suffered lost earnings, among other things, as a result of the **OFFICER COLLARINI**'s deliberate and malicious conduct.

69.     The acts and conduct of **OFFICER COLLARINI** deprived Plaintiff of his liberty without Due Process of Law in violation of his Fourteenth Amendment Rights.  **OFFICER COLLARINI** is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

70.     **OFFICER EYSEL** aided and abetted **OFFICER COLLARINI** by participating in, observing and failing to intervene in the malicious prosecution against Plaintiff.

## SIXTH CAUSE OF ACTION
### (Malicious Prosecution — State Claim)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 70 with the same force and effect as if more fully set forth at length herein.

72.     The acts and conduct of **OFFICER COLLARINI** constitute malicious prosecution under statutory and common law of the State of New York, and, as such, **OFFICER COLLARINI** is liable to Plaintiff.

## SEVENTH CAUSE OF ACTION
### (Excessive Force — Federal Claim)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 72 with the same force and effect as if more fully set forth at length herein.

74.     During the unlawful arrest of Plaintiff, and during his continued restraint in the 6th precinct , **THE OFFICERS** employed unnecessary and unreasonable force in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

75.     As a proximate result of **THE OFFICERS**' use of excessive force, he caused Plaintiff to suffer serious physical, psychological, and emotional pain and suffering, and Plaintiff was otherwise damaged and injured.

76.     **THE OFFICERS** deprived Plaintiff of his civil, constitutional, and statutory rights and is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

<u>EIGHTH CAUSE OF ACTION</u>
(Excessive Force/Negligence — State Claim)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 76 with the same force and effect as if more fully set forth at length herein.

78.     **THE OFFICERS**, while acting as agents and employees for the **CITY OF NEW YORK**, in his capacity as officer in the New York City Police Officer owed a duty to Plaintiff to perform his police duties without the use of excessive force. **THE OFFICERS**' use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or injury to **THE OFFICERS** or to others, constitutes negligence for which **THE OFFICERS** are individually liable.

-14-

79.     **THE OFFICERS**' use of force upon Plaintiff when there existed no lawful authority to arrest Plaintiff or use force against Plaintiff constitutes negligence for which **THE OFFICERS** are individually liable.

80.     As a proximate result of **THE OFFICERS**' negligent use of excessive force, Plaintiff suffered serious physical, psychological, and emotional pain and suffering, and otherwise damaged and injured Plaintiff.

<u>NINTH CAUSE OF ACTION</u>
(Assault)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 80 with the same force and effect as if more fully set forth at length herein.

82.     By conduct and actions described above, **THE OFFICERS** inflicted the tort of assault upon Plaintiff. The acts and conduct of **THE OFFICERS** was the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83.     **THE OFFICERS**' conduct against Plaintiff constituted an assault upon Plaintiff in that **THE OFFICERS** attempted to injure Plaintiff or commit battery upon him, placing Plaintiff in fear of imminent harm, and further that his acts represented a grievous affront to Plaintiff.

84.    **THE OFFICERS'** actions were intentional, reckless, and unwarranted and without any just cause or provocation, and he knew, or should have known, that his actions were without the consent of Plaintiff.

### TENTH CAUSE OF ACTION
### (Battery)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 84 with the same force and effect as if more fully set forth at length herein.

86.    **THE OFFICERS'** conduct against Plaintiff constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized and grossly offensive in nature.

87.    Such contact caused serious physical, psychological and emotional pain and suffering, and otherwise caused damage to Plaintiff.

### ELEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention,
### Training, and Supervision)

88.    Plaintiff repeats, reiterates and alleges such and every allegation contained in paragraphs 1 through 99 with the same force and effect as if more fully set forth at length herein.

89.    The **CITY OF NEW YORK**, acting through the NYPD and its gents, servants and employees acting within the scope of their employment did negligently

hire, retain, train and supervise **THE OFFICERS** who were unfit for the performance of police duties on February 12, 2018, at the aforementioned location. As such, the **CITY OF NEW YORK** is liable to Plaintiff for the negligent hiring, retention, training and supervision of **THE OFFICERS**.

## TWELFTH CAUSE OF ACTION
### (*Respondeat Superior* Liability
### For State Law Claims)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 89 with the same force and effect as if more fully set forth at length herein.

91.     The conduct of **THE OFFICERS** stated herein occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as officers in the NYPD, and while they were acting as an agents, officers, servants, and employees of the **CITY OF NEW YORK**. As such, the **CITY OF NEW YORK** is liable to Plaintiff pursuant to the common law doctrine of *respondent superior.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.     As to the First through Twelfth Causes of Action, that the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $1,000,000 against **THE OFFICERS** and the **CITY OF NEW YORK**,

jointly and severally, together with interest and costs; and punitive damages in the

sum of $1,000,000.00 against the defendants, jointly and severally;

b.      That Plaintiff recover the cost of the suit herein, including reasonable

attorneys fees pursuant to 42 U.S.C. § 1988; and

c.      That Plaintiff is granted such other and further relief as the Court

deems just and equitable

Dated:      New York, New York
            May 13, 2019

                    LAW OFFICES OF DANIEL A. MCGUINNESS, P.C.


            By:   _____
                    DANIEL MCGUINNESS

            260 Madison Avenue, Suite 1800
            New York, New York 10016
            Tel: (212) 679-1990
            Fax: (888) 679-0585
            Attorneys for Plaintiff JAMES CRAWFORD